## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| THE K'S INC., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WESTCHESTER SURPLUS LINES INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff The K's Inc. (d/b/a Sissy K's) ("Sissy K's"), individually and on behalf of the other members of the below-defined nationwide classes (collectively, the "Class"), brings this class action against Defendant Westchester Surplus Lines Insurance Company ("Westchester"), and in support thereof states the following:

## I.    NATURE OF THE ACTION

1.    Plaintiff owns and operates Sissy K's, located in Boston, Massachusetts.  Offering drinks, dancing, karaoke, and live music, Sissy K's has served Boston for over twenty-five years.  Sissy K's existence, however, is now threatened by SARS-CoV-2, sometimes called "Coronavirus" or by one of the names

of the disease that it causes and that spreads it.  For ease of reference, SARS-CoV-2 will be referred to as "COVID-19" herein.

2.      To protect its business in the event that it suddenly had to suspend operations for reasons outside of its control, or if it had to act in order to prevent further property damage, Plaintiff purchased insurance coverage from Westchester, including property coverage, as set forth in Westchester's Business Income (And Extra Expense) Coverage Form (Form No. CP 00 30 10 12) ("Special Property Coverage Form").

3.      Westchester's Special Property Coverage Form provides "Business Income" coverage, which promises to pay for loss due to the necessary suspension of operations following physical loss of or damage to the insured premises.

4.      Westchester's Special Property Coverage Form also provides "Civil Authority" coverage, which promises to pay for loss caused by the action of a civil authority that prohibits access to the insured premises because of damage at other property.

5.      Westchester's Special Property Coverage Form also provides "Extra Expense" coverage, which promises to pay the expense incurred to minimize the suspension of business and to continue operations.

6.     Westchester's Special Property Coverage Form, under a section entitled "Duties in the Event of Loss" mandates that Westchester's insureds "must see that the following are done in the event of loss. . . [t]ake all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim." This is commonly referred to as "Sue and Labor" coverage.

7.     Unlike many policies that provide Business Income coverage (also referred to as "business interruption" coverage), Westchester's Special Property Coverage Form does not include, and is not subject to, any exclusion for losses caused by the viruses.

8.     Plaintiff was forced to suspend or reduce business at Sissy K's due to COVID-19 and the resultant closure orders issued by civil authorities in Massachusetts.

9.     Upon information and belief, Westchester has, on a widescale and uniform basis, refused to pay its insureds under its Business Income, Civil Authority, Extra Expense, and Sue and Labor coverages for losses suffered due to COVID-19, any orders by civil authorities that have required the necessary suspension of business, and any efforts to prevent further property damage or to minimize the suspension of business and continue operations. Indeed, Plaintiff was told by his

insurance agent that Westchester would not pay under its policy for the losses Plaintiff suffered due to COVID-19 and the resultant civil authority orders.

## II.   <u>JURISDICTION AND VENUE</u>

10.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because Defendant and Plaintiff are citizens of different states, and because: (a) the Class consists of at least 100 members; (b) the amount in controversy exceeds $5,000,000 exclusive of interest and costs; and (c) no relevant exceptions apply to this claim.

11.    Venue is proper in this District under 28 U.S.C. § 1391, because Defendant resides in this District.

## III.   <u>THE PARTIES</u>

### *Plaintiff*

*12.*    Plaintiff Sissy K's is a Massachusetts corporation, with its principal place of business in Boston, Massachusetts.

### *Defendant*

13.    Upon information and belief, Defendant Westchester is an insurance company organized under the laws of Georgia, with its principal place of business in Alpharetta, Georgia.

4

## IV.    <u>FACTUAL BACKGROUND</u>

### A.    *The Special Property Coverage Form*

14.    In return for the payment of a premium, Westchester issued Policy No. FSF14507498 002 to Plaintiff for a policy period of June 13, 2019 to June 13, 2020, including a Business Income (And Extra Expense) Coverage Form.  Policy No. FSF14507498 002 is attached hereto as Exhibit A.  Plaintiff has performed all of its obligations under Policy No. FSF14507498 002, including the payment of premiums.  The Covered Property, with respect to the Special Property Coverage Form, is Sissy K's at 6 Commercial Street, Boston, Massachusetts  02109.

15.    In many parts of the world, property insurance is sold on a specific peril basis.  Such policies cover a risk of loss if that risk of loss is specifically listed (e.g., hurricane, earthquake, H1N1, etc.).  Most property policies sold in the United States, however, including those sold by Westchester, are all-risk property damage policies. These types of policies cover all risks of loss except for risks that are expressly and specifically excluded.  With respect to the Special Property Coverage Form provided to Plaintiff, Westchester agreed to pay "Covered Causes of Loss," meaning direct physical loss to Covered Property "unless the loss is excluded or limited" by the policy.

16.     In the policy, Westchester did not exclude or limit coverage for losses from the spread of viruses.

17.     Losses due to COVID-19 are a Covered Cause of Loss under Westchester policies with the Special Property Coverage Form.

18.     In the Special Property Coverage Form, Westchester agreed to pay for its insureds' actual loss of Business Income sustained due to the necessary suspension of its operations during the "period of restoration" caused by direct physical loss or damage. A "slowdown or cessation" of business activities at the Covered Property is a "suspension" under the policy, for which Westchester agreed to pay for loss of Business Income during the "period of restoration" that begins seventy-two hours after the time of direct physical loss.

19.     "Business Income" means net income (net profit or loss before income taxes) that Plaintiff and the other Class members would have earned or incurred, as well as continuing normal operating expenses incurred.

20.     The presence of virus or disease can constitute physical damage to property, as the insurance industry has recognized since at least 2006. When preparing so-called "virus" exclusions to be placed in some policies, but not others, the insurance industry drafting arm, ISO, circulated a statement to state insurance regulators that included the following:

> Disease-causing agents may render a product impure (change its quality or substance), or enable the spread of disease by their presence on interior building surfaces or the surfaces of personal property. When disease-causing viral or bacterial contamination occurs, potential claims involve the cost of replacement of property (for example, the milk), cost of decontamination (for example, interior building surfaces), and business interruption (time element) losses. Although building and personal property could arguably become contaminated (often temporarily) by such viruses and bacteria, the nature of the property itself would have a bearing on whether there is actual property damage. An allegation of property damage may be a point of disagreement in a particular case.

21. In the Special Property Coverage Form, Westchester also agreed to pay necessary Extra Expense that its insureds incur during the "period of restoration" that the insureds would not have incurred if there had been no direct loss or damage to the Covered Property.

22. "Extra Expense" includes expenses to avoid or minimize the suspension of business, continue operations, and to repair or replace property.

23. Westchester also agreed to "pay for the actual loss of Business Income" that its insureds sustain and necessary Extra Expense "caused by action of civil authority that prohibits access to" the Covered Property when a Covered Cause of Loss causes damage to property other than the Covered Property, the civil authority prohibits access to property immediately surrounding the damaged property, the

Covered Property is within the prohibited area, and the civil authority action is taken "in response to dangerous physical conditions."

24.    Westchester's Special Property Coverage Form, under a section entitled "Duties in the Event of Loss" mandates that Westchester's insureds "must see that the following are done in the event of loss. . . [t]ake all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim." This is commonly referred to as "Sue and Labor" coverage.

25.    Losses caused by COVID-19 and the related orders issued by local, state, and federal authorities triggered the Business Income, Extra Expense, Civil Authority, and Sue and Labor provisions of the Westchester policy.

**B.    *The Covered Cause of Loss***

26.    The presence of COVID-19 has caused civil authorities throughout the country to issue orders requiring the suspension of business at a wide range of establishments, including civil authorities with jurisdiction over Plaintiff's business (the "Closure Orders").

27.    On March 15, 2020, the City of Boston issued a civil authority order requiring restaurants, bars, and night clubs to reduce capacity by fifty percent and to close by eleven p.m.

28.    On March 15, 2020, the State of Massachusetts issued a civil authority prohibiting gatherings of over twenty-five people and prohibiting bars and restaurants from offering on-premise consumption of food and alcohol.

29.    On March 23, 2020, the State of Massachusetts issued a civil authority order requiring the closure of bars and nightclubs in Massachusetts.  This order has been in effect since March 24, 2020.

30.    The Boston and Massachusetts Closure Orders were issued in response to the rapid spread of COVID-19 throughout Massachusetts.

31.    The presence of COVID-19 caused direct physical loss of or damage to the covered property under the Plaintiff's policies, and the policies of the other Class members, by denying use of and damaging the covered property, and by causing a necessary suspension of operations during a period of restoration.

32.    The Closure Orders, including the issuance of the Boston and Massachusetts Closure Orders, prohibited access to Plaintiff's and the other Class members' Covered Property, and the area immediately surrounding Covered Property, in response to dangerous physical conditions resulting from a Covered Cause of Loss.

33.    As a result of the presence of COVID-19 and the Closure Orders, Plaintiff and the other Class members lost Business Income and incurred Extra Expense.

34.    Plaintiff attempted to submit a claim for loss to Westchester under its policy due to the presence of COVID-19 and the Closure Orders, but Plaintiff's agent informed Plaintiff that Westchester would not pay for such losses.

## V.    CLASS ACTION ALLEGATIONS

35.    Plaintiff brings this action pursuant to Rules 23(a), 23(b)(1), 23(b)(2), 23(b)(3), and 23(c)(4) of the Federal Rules of Civil Procedure, individually and on behalf of all others similarly situated.

36.    Plaintiff seeks to represent nationwide classes defined as:

- All persons and entities with Business Income coverage under a property insurance policy issued by Westchester that suffered a suspension of business due to COVID-19 at the premises covered by the business income coverage (the "Business Income Declaratory Judgment Class").

- All persons and entities with Civil Authority coverage under a property insurance policy issued by Westchester that suffered loss of Business Income and/or Extra Expense caused by a Closure Order (the "Civil Authority Declaratory Judgment Class").

- All persons and entities with Extra Expense coverage under a property insurance policy issued by Westchester that sought to minimize the suspension of business in

connection with COVID-19 at the premises covered by
their Westchester property insurance policy (the "Extra
Expense Declaratory Judgment Class").

- All persons and entities with a Sue and Labor provision
under a property insurance policy issued by Westchester
that sought to prevent property damage caused by
COVID-19 by suspending or reducing business operations
at the premises covered by their Westchester property
insurance policy (the "Sue and Labor Declaratory
Judgment Class").

37.    Excluded from each defined Class is Defendant and any of its members,
affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns;
governmental entities; and the Court staff assigned to this case and their immediate
family members.  Plaintiff reserves the right to modify or amend each of the Class
definitions, as appropriate, during the course of this litigation.

38.    This action has been brought and may properly be maintained on behalf
of each Class proposed herein under the criteria of Rule 23 of the Federal Rules of
Civil Procedure.

39.    **Numerosity—Federal Rule of Civil Procedure 23(a)(1).**    The
members of each defined Class are so numerous that individual joinder of all Class
members is impracticable.  While Plaintiff is informed and believes that there are
thousands of members of each Class, the precise number of Class members is
unknown to Plaintiff but may be ascertained from Defendant's books and records.

Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, internet postings, and/or published notice.

40. **Commonality and Predominance—Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting only individual Class members, including, without limitation:

    a. Westchester issued all-risk policies to the members of the Class in exchange for payment of premiums by the Class members;

    b. whether the Class suffered a covered loss based on the common policies issued to members of the Class;

    c. whether Westchester's Business Income coverage applies to a suspension of business caused by COVID-19;

    d. whether Westchester's Civil Authority coverage applies to a loss of Business Income caused by the orders of state governors requiring the suspension of business as a result of COVID-19;

    e. whether Westchester's Extra Expense coverage applies to efforts to minimize a loss caused by COVID-19; and

f.  whether Westchester's Sue and Labor provision applies to require Westchester to pay for efforts to reduce damage caused by COVID-19.

41.  **Typicality—Federal Rule of Civil Procedure 23(a)(3).**  Plaintiff's claims are typical of the other Class members' claims because Plaintiff and the other Class members are all similarly affected by Defendant's refusal to pay under its Business Income, Civil Authority, Extra Expense, and Sue and Labor coverages. Plaintiff's claims are based upon the same legal theories as those of the other Class members.  Plaintiff and the other Class members sustained damages as a direct and proximate result of the same wrongful practices in which Defendant engaged.

42.  **Adequacy of Representation—Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate Class representative because its interests do not conflict with the interests of the other Class members who it seeks to represent, Plaintiff has retained counsel competent and experienced in complex class action litigation, including successfully litigating class action cases similar to this one, where insurers breached contracts with insureds by failing to pay the amounts owed under their policies, and Plaintiff intends to prosecute this action vigorously.  The interests of the above-defined Classes will be fairly and adequately protected by Plaintiff and their counsel.

43.    **Inconsistent or Varying Adjudications and the Risk of Impediments to Other Class Members' Interests—Federal Rule of Civil Procedure 23(b)(1).**  Plaintiff seeks class-wide adjudication as to the interpretation, and resultant scope, of Defendant's Business Income, Civil Authority, Extra Expense, and Sue and Labor coverages.  The prosecution of separate actions by individual members of the Classes would create an immediate risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for the Defendant.  Moreover, the adjudications sought by Plaintiff could, as a practical matter, substantially impair or impede the ability of other Class members, who are not parties to this action, to protect their interests.

44.    **Declaratory and Injunctive Relief—Federal Rule of Civil Procedure 23(b)(2).**  Defendant acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class members.

45.    **Superiority—Federal Rule of Civil Procedure 23(b)(3).**  A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action.  Individualized litigation creates a potential for

14

inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system.  By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI.    CLAIMS FOR RELIEF

### COUNT I
### DECLARATORY JUDGMENT – BUSINESS INCOME COVERAGE
**(Claim Brought on Behalf of the Business Income**
**Declaratory Judgment Class)**

46.    Plaintiff Sissy K's ("Plaintiff" for the purpose of this claim) repeats and realleges Paragraphs 1-45 as if fully set forth herein.

47.    Plaintiff brings this Count individually and on behalf of the other members of the Business Income Declaratory Judgment Class.

48.    Plaintiff's Westchester policy, as well as those of the other Business Income Declaratory Judgment Class members, are contracts under which Westchester was paid premiums in exchange for its promise to pay Plaintiff's and the other Business Income Declaratory Judgment Class members' losses for claims covered by the policy.

49.    Plaintiff and the other Business Income Declaratory Judgment Class members have complied with all applicable provisions of the policies and/or those provisions have been waived by Westchester or Westchester is estopped from

asserting them, and yet Westchester has abrogated its insurance coverage obligations pursuant to the policies' clear and unambiguous terms and has wrongfully and illegally refused to provide coverage to which Plaintiff and the other Business Income Declaratory Judgment Class members are entitled.

50.     Westchester has denied claims related to COVID-19 on a uniform and class wide basis, without individual bases or investigations, such that the Court can render declaratory judgment irrespective of whether members of the Class have filed a claim.

51.     An actual case or controversy exists regarding Plaintiff's and the other Business Income Declaratory Judgment Class members' rights and Westchester's obligations under the policies to reimburse Plaintiff for the full amount of Business Income losses incurred by Plaintiff and the other Business Income Declaratory Judgment Class members in connection with the suspension of their businesses stemming from the COVID-19 pandemic.

52.     Pursuant to 28 U.S.C. § 2201, Plaintiff and the other Business Income Declaratory Judgment Class members seek a declaratory judgment from this Court declaring the following:

      i.     Plaintiff's and the other Business Income Declaratory Judgment Class members' Business Income losses incurred in connection with the

Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic are insured losses under their policies; and

ii.    Westchester is obligated to pay Plaintiff and the other Business Income Declaratory Judgment Class members for the full amount of the Business Income losses incurred and to be incurred in connection with the Closure Orders during the period of restoration and the necessary interruption of their businesses stemming from the COVID-19 pandemic.

## COUNT II
## <u>DECLARATORY JUDGMENT – CIVIL AUTHORITY COVERAGE</u>
**(Claim Brought on Behalf of the Civil Authority Declaratory Judgment Class)**

53.    Plaintiff Sissy K's ("Plaintiff" for the purpose of this claim) repeats and realleges Paragraphs 1-45 as if fully set forth herein.

54.    Plaintiff brings this Count individually and on behalf of the other members of the Civil Authority Declaratory Judgment Class.

55.    Plaintiff's Westchester insurance policy, as well as those of the other Civil Authority Declaratory Judgment Class members, are contracts under which Westchester was paid premiums in exchange for its promise to pay Plaintiff's and

the other Civil Authority Declaratory Judgment Class members' losses for claims covered by the policy.

56.    Plaintiff and the other Civil Authority Declaratory Judgment Class members have complied with all applicable provisions of the policies and/or those provisions have been waived by Westchester or Westchester is estopped from asserting them, and yet Westchester has abrogated its insurance coverage obligations pursuant to the policies' clear and unambiguous terms and has wrongfully and illegally refused to provide coverage to which Plaintiff and the other Class members are entitled.

57.    Westchester has denied claims related to COVID-19 on a uniform and class wide basis, without individual bases or investigations, such that the Court can render declaratory judgment irrespective of whether members of the Class have filed a claim.

58.    An actual case or controversy exists regarding Plaintiff's and the other Civil Authority Declaratory Judgment Class members' rights and Westchester's obligations under the policies to reimburse Plaintiff and the other Civil Authority Declaratory Judgment Class members for the full amount of covered Civil Authority losses incurred by Plaintiff and the other Civil Authority Declaratory Judgment

Class members in connection with Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic.

59.    Pursuant to 28 U.S.C. § 2201, Plaintiff and the other Civil Authority Declaratory Judgment Class members seek a declaratory judgment from this Court declaring the following:

i.    Plaintiff's and the other Civil Authority Declaratory Judgment Class members' Civil Authority losses incurred in connection with the Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic are insured losses under their policies; and

ii.    Westchester is obligated to pay Plaintiff and the other Civil Authority Declaratory Judgment Class members the full amount of the Civil Authority losses incurred and to be incurred in connection with the covered losses related to the Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic.

**COUNT III**
**<u>DECLARATORY JUDGMENT – EXTRA EXPENSE COVERAGE</u>**
**(Claim Brought on Behalf of the Extra Expense Declaratory Judgment Class)**

60.     Plaintiff Sissy K's ("Plaintiff" for the purpose of this claim) repeats and realleges Paragraphs 1-45 as if fully set forth herein.

61.     Plaintiff brings this Count individually and on behalf of the other members of the Extra Expense Declaratory Judgment Class.

62.     Plaintiff's Westchester insurance policy, as well as those of the other Extra Expense Declaratory Judgment Class members, are contracts under which Westchester was paid premiums in exchange for its promise to pay Plaintiff's and the other Extra Expense Declaratory Judgment Class members' losses for claims covered by the policy.

63.     Plaintiff and the other Extra Expense Declaratory Judgment Class members have complied with all applicable provisions of the policies and/or those provisions have been waived by Westchester or Westchester is estopped from asserting them, and yet Westchester has abrogated its insurance coverage obligations pursuant to the policies' clear and unambiguous terms and has wrongfully and illegally refused to provide coverage to which Plaintiff and the other Class members are entitled.

64.    Westchester has denied claims related to COVID-19 on a uniform and class wide basis, without individual bases or investigations, such that the Court can render declaratory judgment irrespective of whether members of the Class have filed a claim.

65.    An actual case or controversy exists regarding Plaintiff's and the other Extra Expense Declaratory Judgment Class members' rights and Westchester's obligations under the policies to reimburse Plaintiff and the other Extra Expense Declaratory Judgment Class members for the full amount of Extra Expense losses incurred in connection with Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic.

66.    Pursuant to 28 U.S.C. § 2201, Plaintiff and the other Extra Expense Declaratory Judgment Class members seek a declaratory judgment from this Court declaring the following:

    i.    Plaintiff's and the other Extra Expense Declaratory Judgment Class members' Extra Expense losses incurred in connection with the Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic are insured losses under their policies; and

ii.    Westchester is obligated to pay Plaintiff and the other Extra Expense
Declaratory Judgment Class members for the full amount of the Extra
Expense losses incurred and to be incurred in connection with the
covered losses related to the Closure Orders during the period of
restoration and the necessary interruption of their businesses stemming
from the COVID-19 pandemic.

**COUNT IV**
**DECLARATORY JUDGMENT – SUE AND LABOR COVERAGE**
**(Claim Brought on Behalf of the Sue and Labor Declaratory Judgment Class)**

67.    Plaintiff Sissy K's ("Plaintiff" for the purpose of this claim) repeats and
realleges Paragraphs 1-45 as if fully set forth herein.

68.    Plaintiff brings this Count individually and on behalf of the other
members of the Sue and Labor Declaratory Judgment Class.

69.    Plaintiff's Westchester insurance policy, as well as those of the other
Sue and Labor Declaratory Judgment Class members, are contracts under which
Westchester was paid premiums in exchange for its promise to pay Plaintiff's and
the other Sue and Labor Declaratory Judgment Class members' reasonably incurred
expenses to protect Covered Property.

70.    Plaintiff and the other Sue and Labor Declaratory Judgment Class
members have complied with all applicable provisions of the policies and/or those

provisions have been waived by Westchester or Westchester is estopped from asserting them, and yet Westchester has abrogated its insurance coverage obligations pursuant to the policies' clear and unambiguous terms and has wrongfully and illegally refused to provide coverage to which Plaintiff is entitled.

71.     Westchester has denied claims related to COVID-19 on a uniform and class wide basis, without individual bases or investigations, such that the Court can render declaratory judgment irrespective of whether members of the Class have filed a claim.

72.     An actual case or controversy exists regarding Plaintiff's and the other Sue and Labor Declaratory Judgment Class members' rights and Westchester's obligations under the policies to reimburse Plaintiff and the other Sue and Labor Declaratory Judgment Class members for the full amount Plaintiff and the other members of the Sue and Labor Declaratory Judgment Class reasonably incurred to protect Covered Property from further damage by COVID-19.

73.     Pursuant to 28 U.S.C. § 2201, Plaintiff and the other Sue and Labor Declaratory Judgment Class members seek a declaratory judgment from this Court declaring the following:

    i.     Plaintiff's and the other Sue and Labor Declaratory Judgment Class members' reasonably incurred expenses to protect Covered Property

from further damage by COVID-19 are insured losses under their policies; and

ii.   Westchester is obligated to pay Plaintiff and the other Sue and Labor Declaratory Judgment Class members for the full amount of the expenses they reasonably incurred to protect Covered Property from further damage by COVID-19.

## VII.   <u>REQUEST FOR RELIEF</u>

WHEREFORE, Plaintiff, individually and on behalf of the other Class members, respectfully requests that the Court enter judgment in its favor and against Defendant as follows:

a.    Entering an order certifying the proposed nationwide Classes, as requested herein, designating Plaintiff as Class representative, and appointing Plaintiff's undersigned attorneys as Counsel for the Classes;

b.    Entering declaratory judgments on Counts I-IV in favor of Plaintiff and the members of the Business Income Declaratory Judgment Class, the Civil Authority Declaratory Judgment Class, the Extra Expense Declaratory Judgment Class, and the Sue and Labor Declaratory Judgment Class as follows:

i.    Business Income, Civil Authority, Extra Expense, and Sue and Labor losses incurred in connection with the Closure Orders and the

necessary interruption of their businesses stemming from the COVID-19 pandemic are insured losses under their policies; and

    ii.   Westchester is obligated to pay for the full amount of the Business Income, Civil Authority, Extra Expense, and Sue and Labor losses incurred and to be incurred related to COVID-19, the Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic;

c.    Ordering Defendant to pay both pre- and post-judgment interest on any amounts awarded;

d.    Ordering Defendant to pay attorneys' fees and costs of suit; and

e.    Ordering such other and further relief as may be just and proper.

## VIII. <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated:  April 22, 2020          Respectfully submitted,

                                   */s/ Jonathan Palmer*
                                   Jonathan Palmer (Georgia Bar No. 453452)
                                   Bryan Knight (Georgia Bar No. 142401)
                                   **KNIGHT PALMER, LLC**
                                   One Midtown Plaza
                                   1360 Peachtree Street, N.E., Suite 1201
                                   Atlanta, Georgia 30309
                                   Telephone:  404-228-4822

jpalmer@knightpalmerlaw.com
bknight@knightpalmerlaw.com

Adam J. Levitt*
Amy E. Keller*
Daniel R. Ferri*
Mark Hamill*
Laura E. Reasons*
**DICELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois  60602
Telephone:  312-214-7900
alevitt@dicellolevitt.com
akeller@dicellolevitt.com
dferri@dicellolevitt.com
mhamill@dicellolevitt.com
lreasons@dicellolevitt.com

Kenneth P. Abbarno*
Mark A. DiCello*
Mark Abramowitz*
**DICELLO LEVITT GUTZLER LLC**
7556 Mentor Avenue
Mentor, Ohio  44060
Telephone:  440-953-88
kabbarno@dicellolevitt.com
madicello@dicellolevitt.com
mabramowitz@dicellolevitt.com

Mark Lanier*
Alex Brown*
Skip McBride*
**THE LANIER LAW FIRM PC**
10940 West Sam Houston Parkway North
Suite 100
Houston, Texas  77064
Telephone:  713-659-5200

WML@lanierlawfirm.com
alex.brown@lanierlawfirm.com
skip.mcbride@lanierlawfirm.com

Timothy W. Burns*
Jeff J. Bowen*
Jesse J. Bair*
Freya K. Bowen*
**BURNS BOWEN BAIR LLP**
One South Pinckney Street, Suite 930
Madison, Wisconsin 53703
Telephone: 608-286-2302
tburns@bbblawllp.com
jbowen@bbblawllp.com
jbair@bbblawllp.com
fbowen@bbblawllp.com

Douglas Daniels*
**DANIELS & TREDENNICK**
6363 Woodway, Suite 700
Houston, Texas  77057
Telephone:  713-917-0024
douglas.daniels@dtlawyers.com

***Counsel for Plaintiff***
***and the Proposed Classes***

*Applications for admission *pro hac vice* to be filed